IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LEROY LYNCH, #R5168                                                    PETITIONER

V.                                           CIVIL ACTION NO.2:10CV12-WAP-JAD

STATE OF MISSISSIPPI, et al.                                    RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss Lynch's petition as untimely filed (Doc. 9). The petitioner has filed no response in opposition to the motion.

With limited exceptions, a federal habeas corpus petition must be brought within one year of the date the judgment of conviction becomes final, with the statute of limitations being tolled during the pendency of any properly filed state post-conviction motion. 28 U.S.C. § 2244(d).

Lynch was convicted of capital murder on June 5, 1998. He was originally sentenced to death, but the Mississippi Supreme Court granted Blanche relief on his post-conviction motion directing the trial court to hold a hearing pursuant to the *Atkins v. Virginia*, 536 US 304 (2002) to determine whether Lynch was ineligible for the death penalty because of mental retardation. On October 20, 2008 the trial court entered its amended order of judgment vacating the death sentence and imposing a sentence of life without possibility of parole. Lynch never filed a notice of appeal challenging this amended sentence. His sentence would therefore have become final on November 19, 2008. He would have had until November 19, 2009 in which to file a federal petition. Under the mailbox rule Lynch's petition was filed sometime between January 13, 2010 when he signed it and January 28, 2010 when it was stamped filed in the clerk's office. His petition was therefore filed almost two months after the running of this statute limitations.

The undersigned recommends that the petition in this case be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 8th day of September, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE